# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE REYNA, | Case No. 1:19-cv-01202-BAM (PC) |
| Plaintiff, | ORDER DIRECTING DEFENDANT SIDDIQI TO RE-SERVE MOTION FOR SUMMARY JUDGMENT AND RAND NOTICE (ECF No. 26) ON PLAINTIFF AT HIS ADDRESS OF RECORD |
| v. | |
| KINGS COUNTY JAIL MEDICAL, *et al.*, | |
| Defendants. | ORDER DIRECTING PLAINTIFF TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Pete Reyna ("Plaintiff") is a former pretrial detainee, currently a state prisoner, proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Siddiqi[1] for violation of the Fourteenth Amendment arising out of the delay in Plaintiff's medical care.

**I.  Plaintiff's Failure to Oppose Defendant's Motion for Summary Judgment**

On April 17, 2020, Defendant filed a motion for summary judgment. (ECF No. 22.) After reviewing the motion, on April 21, 2020, the Court denied the motion without prejudice to re-filing in compliance with Rand v. Rowland and the Court's Local Rules. (ECF No. 25.) Defendant re-filed the motion for summary judgment on April 22, 2020, and filed a proof of service the next day. (ECF Nos. 26, 27.) In the re-filed motion, Plaintiff was provided with

---

[1] Erroneously sued as "Sadiki."

1

notice of the requirements for opposing a motion for summary judgment.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 26-1.)  Pursuant to Local Rule 230(l) and Federal Rule of Civil Procedure 6(d), Plaintiff's opposition or statement of no opposition was therefore due on or before May 18, 2020.

The deadline for Plaintiff to respond to Defendant's motion for summary judgment expired, and he did not file an opposition or otherwise communicate with the Court.  On June 1, 2020, the Court therefore issued an order for Plaintiff to show cause why this action should not be dismissed, with prejudice, for failure to prosecute.  (ECF No. 29.)  Plaintiff was informed that he could comply with the Court's order by filing his opposition or statement of non-opposition to the motion for summary judgment within twenty-one days.  Plaintiff was also warned that failure to comply with the Court's order would result in dismissal of this action, with prejudice, for failure to prosecute.  (Id.)

Plaintiff filed a response to the order to show cause on June 16, 2020.  (ECF No. 30.)  In his response, Plaintiff appears to argue that he does not understand how to file an opposition.  It is also unclear whether Plaintiff ever received a copy of Defendant's motion for summary judgment.  (Id.)

Upon review of Defendant's April 23, 2020 proof of service, it appears the address where Plaintiff was served does not match Plaintiff's address of record, as reflected on the docket.  (See ECF No. 27, p. 2.)  Based on Plaintiff's response, the discrepancy in the service address, and Plaintiff's status as a *pro se* litigant, the Court finds it appropriate to extend the appropriate deadline and grant Plaintiff a **final opportunity** to file an opposition to Defendant's motion for summary judgment.  The Court also finds it appropriate to order Defendant Siddiqi to re-serve the motion for summary judgment, (ECF No. 26), on Plaintiff at his correct address of record, which is reflected on the docket.

**II.    Rand Notice**

In his response, Plaintiff states that he does not understand what the Court means about an opposition.  Although the Court cannot provide legal advice, Plaintiff is informed that the Rand

2

notice included with Defendant's motion for summary judgment provides information about the requirements for opposing a motion for summary judgment. To avoid confusion, the Court will include the Rand notice below, though it will also be included with Defendant's re-served motion for summary judgment.

Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

1. Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(l).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Local Rule 230(l). If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. Id.

3. A motion for summary judgment is a request for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a). Defendants' motion sets forth the facts which they contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule 260(a).

4. Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law.

5. In the alternative, if Plaintiff does not agree with the facts set forth in Defendants' motion, he may show that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth

the facts which Plaintiff believes prove his claims;[2] (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what he claims they are;[3] or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

6. In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

7. If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendants' motion. Fed. R. Civ. P. 56(d). Any request to postpone consideration of Defendants' motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1100–01 (9th Cir. 2006); California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary

---

[2] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[3] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(e).

4

judgment. Blough, 574 F.3d at 1091 n.5; Tatum, 441 F.3d at 1100–01; Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

8. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

9. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

### III. Conclusion and Order

As discussed above, Plaintiff will be permitted a **final opportunity** to file an opposition to Defendant's motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **seven (7) days** from the date of service of this order, Defendant Siddiqi shall re-serve a copy of the April 22, 2020 motion for summary judgment, including all attachments, notices, and declarations, (ECF No. 26), on Plaintiff at his address of record, as reflected on the docket, and file a proof of service with the Court indicating that such re-service was completed;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an opposition to Defendant's motion for summary judgment, in compliance with Federal Rule of Civil Procedure 56 and Local Rule 260; and

3. **Plaintiff is warned that if he fails to comply with the Court's order, this matter will be dismissed with prejudice for failure to prosecute.**

IT IS SO ORDERED.

Dated: **June 17, 2020**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

5