1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE REYNA, | Case No.  1:19-cv-01202-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| KINGS COUNTY JAIL MEDICAL, *et al.*, | FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE |
| Defendants. | (ECF No. 37) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Pete Reyna ("Plaintiff") is a former pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Siddiqi[1] for violation of the Fourteenth Amendment arising out of the delay in Plaintiff's medical care.

Defendant's motion for summary judgment, filed April 22, 2020, is pending before the Court.[2]  (ECF No. 26.)  Plaintiff filed an opposition on July 9, 2020, and Defendant filed a reply

---

[1] Erroneously sued as "Sadiki."

[2] Pursuant to the Court's order of June 17, 2020, the motion for summary judgment was re-served on Plaintiff on June 18, 2020.  (ECF No. 33.)  Defendant also re-filed the motion with the Court on the same date.  (ECF No. 32.)

1

1    on July 15, 2020.  (ECF Nos. 34, 35.)  The motion is fully briefed.

2         Currently before the Court is Defendant's motion to dismiss for lack of prosecution, filed

3    October 29, 2020.  (ECF No. 37.)  Although Plaintiff has not yet had an opportunity to file a

4    response, the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule

5    230(l).

6         In the motion, Defendant argues that Plaintiff's failure to conduct discovery demonstrates

7    that he has abandoned this action, and therefore the first amended complaint should be dismissed

8    for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 37.)

9    Defendant argues that while Plaintiff has responded to discovery requests from Defendant and

10   filed an opposition to the pending motion for summary judgment, because Plaintiff has not served

11   a single discovery request, Plaintiff has essentially abandoned this action, causing undue delays.

12   Defendant further argues that he will not be able to proceed with this action without Plaintiff's

13   participation, and will be prejudiced.  Finally, Defendant contends that it is highly unlikely that

14   this action will be resolved on its merits, due to Plaintiff's failure to conduct his own discovery.

15   (Id.)

16        In determining whether to dismiss an action for failure to prosecute, the Court must

17   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

18   Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

19   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

20   sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d

21   1439, 1440 (9th Cir. 1988); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In

22   re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir.

23   2006).  The amount of prejudice resulting from the discovery violations and the availability of

24   less drastic sanctions are said to be "key factors."  Wanderer v. Johnston, 910 F2d 652, 656 (9th

25   Cir. 1990).

26        The Court finds Defendant's argument wholly unpersuasive.  First, the Court is aware of

27   no authority—and Defendant has failed to identify any—that *requires* a plaintiff to conduct any

28   discovery.  While Plaintiff is obligated to cooperate with discovery, Defendant admits that

2

1    Plaintiff has responded to discovery requests from Defendant and opposed the pending motion for

2    summary judgment.  This belies Defendant's contention that Plaintiff has "abandoned this

3    litigation," or that Plaintiff is responsible for the case "sitting dormant on the court's docket."

4    (ECF No. 37, pp. 3, 4.)  The Court is similarly unconvinced by Defendant's conclusory

5    statements that he will not be able to proceed with this action without Plaintiff's participation, or

6    that he will be prejudiced.  Plaintiff's failure to conduct his own discovery does not impede

7    Defendant's defense of this action in any way, and the alleged prejudice to Defendant is left

8    unexplained and unsupported.

9        Furthermore, the Court is perplexed by Defendant's assertion that "[i]t is highly unlikely

10   that this action will be resolved on its merits" due to Plaintiff's failure to conduct discovery.  (Id.)

11   Defendant's motion for summary judgment—which goes to the merits of this action—remains

12   pending before the Court.  The motion was filed and fully briefed well before the close of

13   discovery, and therefore any argument that additional discovery is necessary for this case to

14   proceed, falls flat.  If Defendant believed that additional discovery conducted by Plaintiff was

15   necessary to fully adjudicate the motion for summary judgment—and thus, the merits of this

16   action—Defendant should have waited until after the close of discovery to file the motion.

17       Finally, the Court notes that it is Defendant's instant motion, rather than Plaintiff's failure

18   to conduct discovery, which implicates the Rule 41(b) factors regarding expeditious resolution of

19   litigation, the Court's need to manage its docket, and the public policy favoring the disposition of

20   cases on their merits.  Rather than allowing the Court to decide the pending summary judgment

21   motion on the merits, Defendant has delayed this litigation by filing this unsubstantiated motion,

22   requiring a further expenditure of scarce judicial resources.

23       Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

24   District Judge to this action.

25       Further, it is HEREBY RECOMMENDED that Defendant's motion to dismiss for failure

26   to prosecute, (ECF No. 37), be denied.

27       These Findings and Recommendations will be submitted to the United States District

28   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

**fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **November 2, 2020**           /s/ *Barbara A. McAuliffe*

                                                 UNITED STATES MAGISTRATE JUDGE