# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE REYNA,<br><br>              Plaintiff,<br><br>      v.<br><br>KINGS COUNTY JAIL MEDICAL,<br><br>              Defendant. | Case No.  1:19-cv-01202-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE<br><br>(ECF No. 42) |

**I.      Background**

Plaintiff Pete Reyna ("Plaintiff") is a former pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Siddiqi[1] for violation of the Fourteenth Amendment arising out of the delay in Plaintiff's medical care.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 44.)

Defendant's motion for summary judgment is pending before the Court.  (ECF Nos. 26, 33.)  With the filing of Plaintiff's opposition and Defendant's reply, the motion is fully briefed.  (ECF Nos. 34, 35.)

///

---

[1] Erroneously sued as "Sadiki."

1

Before the motion for summary judgment was decided, the Court issued an order regarding the parties' consent/decline of U.S. Magistrate Jurisdiction. (ECF No. 42.) That order was served on Plaintiff at his current address of record. On August 21, 2023, the order was returned as "Undeliverable, Not Deliverable as Addressed." On August 22, 2023, the then-assigned District Judge issued an order assigning this action to the undersigned pursuant to the consent of all parties. (ECF No. 44.) That order was also served on Plaintiff's address of record, and was returned on September 5, 2023 as "Undeliverable, Not Deliverable as Addressed."

The extended deadline for Plaintiff to file a notice of change of address has expired, and Plaintiff has not otherwise communicated with the Court.

## II.   Failure to Prosecute

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

---

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1  963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

2  amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

3  (dismissal for failure to comply with court order).

4      In determining whether to dismiss an action, the Court must consider several factors:

5  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

6  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

7  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

8  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

9      Plaintiff's address change was due no later than October 24, 2023, and Plaintiff has failed

10  to otherwise communicate with the Court. The Court cannot effectively manage its docket if

11  Plaintiff ceases litigating his case.

12      The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

13  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

14  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against

15  dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d

16  639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose

17  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

18  progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products*

19  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

20      Additionally, at this stage in the proceedings there is little available to the Court that

21  would constitute a satisfactory lesser sanction while protecting the Court from further

22  unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this

23  action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

24  likely to have no effect given that Plaintiff has ceased litigating his case and updating his address.

25  More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no

26  other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his

27  failure to apprise the Court of his current address. *In re PPA*, 460 F.3d at 1228–29; *Carey*, 856

28  F.2d at 1441.

### III. Order

Accordingly, the Court finds that dismissal is the appropriate sanction and IT IS HEREBY ORDERED as follows:

1. This action is DISMISSED, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 183(b), for Plaintiff's failure to prosecute; and
2. The Clerk of the Court is directed to terminate all pending motions and deadlines and close this case.

IT IS SO ORDERED.

Dated: __November 7, 2023__      /s/ *Barbara A. McAuliffe*  
UNITED STATES MAGISTRATE JUDGE